[L. A. No. 4501.   Department Two.—August 12, 1918.]

SAN PEDRO, LOS ANGELES AND SALT LAKE RAILROAD COMPANY (a Corporation), Respondent, v. LOS ANGELES ICE & COLD STORAGE COMPANY (a Corporation), Appellant.

ACTION FOR CONVERSION—SHIPMENT OF CARLOAD OF BUTTER—NOTIFICATION OF ARRIVAL—EVIDENCE—CUSTOM.—Where in an action for the conversion of a carload of butter consigned to the shipper's own order by the plaintiff's railway it was found that the butter was delivered by the plaintiff to the defendant as a warehouseman, and the defendant notified by telephone of the arrival of the car, and to hold the same subject to the plaintiff's order, the court properly

excluded proof as to the custom to confirm such telephone messages by letter.

ID.—CUSTOM AS TO DELIVERY—INADMISSIBILITY OF.—In such an action where the warehouseman received and retained the proceeds of the sale there was no error in ruling out the evidence as to the business custom claimed by defendant by which, when a car was on an open shipment, that the presentation of the bill of lading was not required, and any responsible commission merchant claiming the goods would be allowed to take them, since in the absence of directions to the contrary, the defendant should have held the butter subject to the order of the plaintiff.

APPEAL from a judgment of the Superior Court of Los Angeles County. Z. B. West, Judge Presiding.

The facts are stated in the opinion of the court.

Sidney J. Parsons, and Horace Wilson, for Appellant.

Fred E. Pettit, Jr., James E. Kelby, Dana T. Smith, E. E. Bennett, and A. S. Halsted, for Respondent.

WILBUR, J.—Defendant appeals from a judgment rendered against it in an action for the conversion of a carload of butter, consigned from North Dakota to Los Angeles to shipper's own order, via the plaintiff's railway, the bill of lading, together with draft for the value of the butter, having been forwarded to a Los Angeles bank for delivery to one Backer upon payment of draft. If it is not admitted by the pleadings, the evidence clearly shows and the court finds that the butter was delivered over a Southern Pacific switch by the plaintiff to the defendant as a warehouseman. Plaintiff through its own agents and also through the agent of the Southern Pacific Company notified defendant by telephone of the arrival of the car and of its delivery upon the tracks at its warehouse, and that said car was to be held subject to the order of the plaintiff. In view of the finding of the court in favor of the plaintiff, the fact that this telephonic communication was denied by the defendant's witnesses cannot be considered. Defendant attempted to prove that in case of a delivery of a car consigned as this was, it was the custom to notify the defendant thereof by telephone, "confirmed by letter as to the facts," and that in this case no letter was sent. In view of the evidence as to actual notification by telephone,

evidence of the custom would be immaterial, if otherwise admissible. In the absence of directions to the contrary, defendant should have held the butter subject to the order of the bailor, the railway company, and in this case direct orders were given and received to that effect. There was no error in ruling out the evidence as to the business custom claimed by the defendant, by which "when a car was on an open shipment that the presentation of the bill of lading was not required, and any responsible commission merchant claiming the goods would be allowed to take them." The butter was actually sold from the premises of the defendant, the proceeds of such sale received by the defendant and applied to a preexisting indebtedness due from one Lambourn to defendant. The only title of Lambourn to the butter was derived from a sale to him by Backer, purporting to act as agent of the consignor, but he had no authority to deliver the butter without payment of the consignor's draft. The claims of the defendant constitute an explanation rather than a defense, and amount to this: That no one in the employ of the defendant remembered the telephonic communication, that no note thereof was made as was customary, and that no letter was received in accordance with what defendant claimed to be the custom, and therefore the defendant believed that the butter in its custody was subject to delivery "to any responsible commission merchant," and that it was so delivered.

The judgment is affirmed.

Melvin, J., and Lorigan, J., concurred.

Hearing in Bank denied.